UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,
    Plaintiff,

CASE NO: 1:19-CV-08454

v.

TOFAY'S GROWTH CONSULTATNT, INC.
(dba THE INCOME STORE)

and

KENNETH COURTRIGHT, III,
    Defendants.
_____

MELANIE E. DAMIAN, AS RECEIVER OF
TODAY'S GROWTH CONSULTANT, INC.
(dba THE INCOME STORE)
    Plaintiff,

ANCILLARY CASE NO.8:21-cv-01999

v.

CODY NEER,
    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, DEFENDANT CODY NEER (hereinafter "NEER"), by and through the undersigned attorney, and hereby files this ANSWER AND AFFIRMATIVE DEFENSES as follows:

    1.    Defendant is without knowledge and therefore denies.

    2.    Defendant is without knowledge and therefore denies.

    3.    Defendant is without knowledge and therefore denies.

    4.    Defendant is without knowledge and therefore denies.

5. Defendant is without knowledge and therefore denies.

6. Defendant is without knowledge and therefore denies.

7. Admit.

8. Deny. Defendant Neer did substantial work at far below market rates for which he is still owed substantial sums of money.

9. Deny. Defendant Neer did substantial work at far below market rates for which he is still owed substantial sums of money.

10. Deny. Defendant Neer did substantial work at far below market rates for which he is still owed substantial sums of money.

11. Defendant is without knowledge and therefore denies.

12. Admit.

13. Admit.

14. Admit for purposes of venue only, otherwise denies.

15. Admit.

16. Admit.

17. Admit.

18. Defendant is without knowledge and therefore denies.

19. Defendant is without knowledge and therefore denies.

20. Defendant is without knowledge and therefore denies.

21. Defendant is without knowledge and therefore denies.

22. Defendant is without knowledge and therefore denies.

23. Defendant is without knowledge and therefore denies.

24. Defendant is without knowledge and therefore denies.

25. Defendant is without knowledge and therefore denies.

26. Defendant is without knowledge and therefore denies.

27. Defendant is without knowledge and therefore denies.

28. Defendant is without knowledge and therefore denies.

29. Defendant is without knowledge and therefore denies.

30. Defendant is without knowledge and therefore denies.

31. Defendant is without knowledge and therefore denies.

32. Defendant is without knowledge and therefore denies.

33. Defendant is without knowledge and therefore denies.

34. Defendant is without knowledge and therefore denies.

35. Defendant is without knowledge and therefore denies.

36. Defendant is without knowledge and therefore denies.

37. Admit.

38. Admit.

39. Defendant is without knowledge and therefore denies.

40. Denies and demands strict proof thereof.

41. Denies and demands strict proof thereof.

42. Defendant is without knowledge and therefore denies.

43. Defendant is without knowledge and therefore denies.

44. Deny.

45. Deny.

46. Deny.

47. Defendant is without knowledge and therefore denies.

48. Deny.

49. See Responses Above.

50. Admit.

51. Admit that this is the law but deny that it applies.

52. Admit that this is the law but deny that it applies.

53. Deny.

54. Defendant is without knowledge and therefore denies.

55. Deny.

56. Deny.

57. Defendant is without knowledge and therefore denies.

58. Defendant is without knowledge and therefore denies.

59. Defendant is without knowledge and therefore denies.

60. Defendant is without knowledge and therefore denies.

61. Defendant is without knowledge and therefore denies.

62. Admit that this is the law but deny that it applies.

63. Deny.

64. See Responses Above.

65. Deny.

66. Defendant is without knowledge and therefore denies.

67. Admit that this is the law but deny that it applies.

68. Deny.

69. Defendant is without knowledge and therefore denies.

70. Deny.

71. See responses above.

72. Deny.

73. Admit that Defendant Neer received the transfers but deny the balance of the allegation.

74. Deny.

75. Deny.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense—Erie Doctrine

Under the Erie Doctrine, federal courts sitting in diversity are usually required to apply state substantive law and federal procedural law. In the case at bar, the Plaintiff incorrectly alleges that Illinois law should apply since TGC was headquartered in Illinois and the payments made to the Defendant, Cody Neer, came from TGC's bank accounts in Illinois. This allegation fails for two reasons: first, although incorporated in Illinois, TGC was headquartered and operated out of Lancaster, Pennsylvania. Further, mere payments from Illinois bank accounts do not establish a strong enough nexus to subject a Florida resident to the laws of Illinois. Balancing the compelling interests of the states, it appears clear that the Defendant, Cody Neer, as a resident of the State of Florida, with no other ties to Illinois other than receiving payments for services provided from Illinois bank accounts, should be subjected to laws of the State of Florida.

### Second Affirmative Defense—Lack of Standing

The Receiver lacks standing to pursue all counts. Pursuant to Paragraph 52 of the Complaint, the Receiver stands in the shoes of TGC. A receiver may bring actions previously owned by the party in the receivership for the benefit of the creditors, but they cannot pursue claims owned directly by creditors. <u>Freeman v. Dean Witter Reynolds, Inc.</u>, 865 So. 2d 543, 550 (Fla. Dist. Ct. App. 2003), quoting: <u>In re Huff</u>, 109 B.R. 506 (Bankr. S.D. Fla. 1989). Because the Receiver has failed to allege, and likely could not, that TGC has effectively been "cleansed" by her appointment, TGC, like its principles that perpetrated the alleged fraud, cannot sue a third party for fraudulent transfers. Accordingly, the Receiver, standing in the shoes of TGC, lacks standing to bring such claim.

### Third Affirmative Defense—Failure to State a Cause of Action

In Count 1 of Plaintiff's Complaint, the Plaintiff fails to state an actionable cause of action. Under the applicable statute and section, which is roughly equivalent under Florida law, a Plaintiff must show that the transfer was made with the intent to delay, hinder, or defraud. While Plaintiff alleges such, she has provided not facts to support this conclusion against Defendant. Based on the allegations of its Complaint, Plaintiff has only alleged that Defendant worked for TGC or provided services to TGC. Surely, Plaintiff does not intent to propound that all transfers made by TGC were fraudulent because it was engaged in a Ponzi Scheme. Advancing such a theory creates quite the slippery slope, whereas Plaintiff would need to haul every vendor, utility provider, and employee into this Court to claw back monies paid to them.

### **Fourth Affirmative Defense—Failure to State of Cause of Action**

In Count II of Plaintiff's Complaint, the Plaintiff fails to state an actionable cause of action. Although Plaintiff makes several allegations that the websites Defendant provided TGC were undervalued, she makes no allegations as to what their value was to be—or how they failed to be such value. As described, Plaintiff has characterized Defendant as nothing more than a website developer in an arms-length transaction. Accordingly, Plaintiff has failed to state an actionable cause of action.

### **Fifth Affirmative Defense—Failure to State a Cause of Action**

In Count III of Plaintiff's Complaint, Plaintiff contends that Defendant has been unjustly enriched. However, based on the allegations of the Complaint, Plaintiff has failed to allege that TGC has received anything other than what they bargained for in an arms-length transaction. Accordingly, Plaintiff has failed to state an actionable cause of action.

### **Sixth Affirmative Defense—Laches**

All counts of Plaintiff's Complaint are barred by the equitable theory of Latches. In order for the affirmative defense of laches to apply, a defendant must establish four (4) elements: (1) conduct on the part of the defendant gives rise to the subject matter of the complaint, (2) plaintiff has knowledge of notice of conduct but delays in brining action, (3) defendant lacks knowledge or notice that plaintiff would assert the right on which the action is based, and (4) the defendant will suffer injury of prejudice if relieve is awarded to the plaintiff. In the case at bar, the above elements have been satisfied. By the very nature of the Complaint, the alleged actions of the Defendant have given rise to the subject of the Complaint; by her own admission,

Plaintiff learned about these allegedly fraudulent transfers in May of 2020. See Cmpl. ¶ 47; Defendant had no knowledge or notice that such an action was possible, let alone imminent; and Defendant will surely be injured if required to pay Plaintiff in excess of $2M, especially for products and services that he provided to TGC.

### Seventh Affirmative Defense—Setoff/Recoupment

Defendant is entitled to set off and/or recoupment for any and all amount that Plaintiff receives as compensation from other persons, entities, parties, or collateral sources regarding Plaintiff's alleged damages, including but not limited to, proceeds from any insurance company or from other parties in this action, as well as a setoff/recoupment for all compensation due to paid to Cody Neer per any counterclaims her may bring.

WHEREFORE, Plaintiff prays for a judgment is his favor, costs of suit, trial by jury and such other relief as this honorable Court may deem just and appropriate.

RESPECTFULLY submitted this 22nd day of October, 2021.

                                      */s/ Stanley W. Plappert*
                                      STANLEY W. PLAPERT, ESQUIRE
Attorney for Defendant Cody Neer
Florida Bar No. 76603
The Florida Legal Advocacy Group, P.A.
445 NE 8th Avenue
Ocala, FL 34470
(352) 732-8030 Telephone
(888) 399-3129 Facsimile
SWP@TheFloridaLegalAdvocacyGroup.com