UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELANIE E. DAMIAN, AS RECEIVER OF
TODAY'S GROWTH CONSULTANT, INC.
(dba THE INCOME STORE)

   *Plaintiff*s,

v.                 CASE NO. 8:21-CV-01999

CODY NEER,

   *Defendant*s.
_____/

## Uniform Case Management Report

  The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on 2/3/2022. Counsel for the Receiver, Allison Leonard, and Counsel for Mr. Neer, Stanley W. Plappert attended the conference.

2. **Deadlines and Dates**

   The parties have filed a Joint Motion to Stay Pretrial Deadlines and for Referral to Magistrate Judge Thomas G. Wilson for Settlement Conference [ECF No. 11]. In the event the Joint Motion is not granted, the parties request the following deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 3/1/2022 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 4/22/2022 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 6/21/2022 |
| Defendant's deadline for disclosing any expert report. | 7/5/2022 |
| Deadline for disclosing any rebuttal expert report. | 7/19/2022 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 8/18/2022 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 9/17/2022 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>Enter mediator's name, address, and phone number. | 5/16/2022 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 9/30/2022 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 10/14/2022 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 10/21/2022 |
| Month and year of the trial term. | 11/4/2022 |

The trial will last approximately 3 days and be

☐ jury.

☒ non-jury.

2

3. **Description of the Action**

This action is related to the claims in the SEC v. Today's Growth Consultant, Inc. (dba The Income Store) and Kenneth D. Courtright III Action (the "SEC Action"). The District Court in the SEC Action appointed Plaintiff as Receiver and authorized her to commence actions to recover assets and pursue claims of the Receivership Estate. The Receiver brings this action against Defendant Cody Neer to recover allegedly voidable transfers to Defendant which together total $2,451,594.44. The Receiver brought claims against Mr. Neer for Violations of Section 5(a)(1) of the Illinois Uniform Fraudulent Transfer Act 740 ILCS § 160/5(a)(1) (Count I); Violations of Section 5(a)(1) of the Illinois Uniform Fraudulent Transfer Act 740 ILCS § 160/5(a)(2) (Count II); Unjust Enrichment (Count III).

4. **Disclosure Statement**

⊠ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

⊠ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

**Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

8. **Discovery Plan**

    The parties submit the following discovery plan under Rule 26(f)(2):

    A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

    ☒ Yes.
    ☐ No; instead, the parties agree to these changes: enter changes.

    B. Discovery may be needed on these subjects:

    a. Whether Defendant received the transfers identified in the complaint;
    b. Whether at the time Defendant received the transfers from TGC, TGC had creditors;
    c. Whether the transfers that TGC made to Defendant constituted compensation for websites and/or services;
    d. Whether TGC made the transfers to Defendant with intent to hinder, delay or defraud its creditors;
    e. Whether at the time TGC made the transfers to Defendant TGC was operating as a Ponzi scheme, with funds from new investors being used to satisfy obligations to earlier investors.
    f. Whether TGC was committing a fraud and/or insolvent at the time of each of the transfers or rendered insolvent as a result of each the transfers;
    g. Whether Defendant provided TGC with reasonably equivalent value in exchange for each of the subject transfers.
    h. Whether the Defendant acted in good faith when receiving each of the transfers from TGC.

    C.    Discovery should be conducted in phases:

        ☒ No.
        ☐ Yes; describe the suggested phases.

    D.    Are there issues about disclosure, discovery, or preservation of electronically stored information?

        ☐ No.
        ☒ Yes; Following the appointment of the Receiver in the SEC Action, the Receiver's professionals seized and imaged the servers of TGC and seized and scanned the physical files from the TGC offices. These TGC records are maintained in large part on Relativity. No data has been automatically or manually deleted since they came into the possession and control of the Receiver. The Receiver is unaware of the preservation of electronically stored information that may or may not have been in place at TGC prior to the seizure of the servers and physical files as described above.

    E.    ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

    F.    The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

        ☒ No.
        ☐ Yes; describe the stipulation.

## 9. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

6

10. **Certification of familiarity with the Local Rules**

    ☒ The parties certify that they have read and are familiar with the Court's Local Rules.

11. **Signatures**

| | |
|---|---|
| */s/ Allison J. Leonard* | */s/ Stanley W. Plappert* |
| Allison J. Leonard, Esq. | Stanley W. Plappert, Esq. |
| Counsel for Plaintiff | Counsel for Defendant |
| 2/4/2022 | 2/4/2022 |

*/s/ Kenneth Dante Murena*
Kenneth Dante Murena, Esq.
Counsel for Plaintiff
2/4/2022