UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELANIE E. DAMIAN, AS RECEIVER
OF TODAY'S GROWTH CONSULTANT,
INC. (d/b/a THE INCOME STORE),

    Plaintiff,

v.   Case No: 8:21-cv-1999-WFJ-TGW

BUCKS OF AMERICA, LLC (d/b/a
BUCKS OF NEBRASKA) and
CODY NEER,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff Melanie E. Damian's Motion for Summary Judgment as to Count I (Dkt. 51) and Defendants Bucks of America, LLC ("Bucks") and Cody Neer's joint Motion for Summary Judgment (Dkt. 49). The parties filed responses and replies (Dkts. 55, 56, 57, 59). Also before the Court is Plaintiff's Motion to Strike Expert Report and Prohibit Testimony (Dkt. 53), to which Defendants responded (Dkt. 54). In addition to these filings, the Court received cogent oral argument from the parties on January 26, 2023. Dkt. 63. Upon careful consideration, the Court denies each motion.

## BACKGROUND

Plaintiff, a court-appointed receiver[1] for e-commerce company Today's Growth Consultant, Inc. ("TGC"), brings this action to recover roughly $2.4 million transferred by TGC to Defendant Neer and his web development company, Defendant Bucks. *See* Dkt. 28. The parties agree that, unbeknownst to Defendants, TGC had been operating as a Ponzi scheme at the time of the transfers.[2] *Id.* ¶ 4; Dkt. 49 at 7. In exchange for the transfers, Defendants provided TGC with websites and web development services. Dkt. 49 at 2; Dkt. 55 at 7 & n.3.

While the parties agreed at the hearing before the Court that TGC and Defendants' transactions were likely conducted at arms-length, Plaintiff asserts that TGC's transfers are recoverable because Defendants' websites and web development services were not of reasonably equivalent value. *See, e.g.*, 28 ¶¶ 50−56. Accordingly, Plaintiff asserts three claims against Defendants: actual fraudulent transfers under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS § 160/1 *et seq.* (Count I); constructive fraudulent transfers under the Illinois

---

[1] Plaintiff was appointed the receiver for Today's Growth Consultant, Inc. ("TGC") in *SEC v. Today's Growth Consultant, Inc.*, No. 19-cv-8454, a case that remains pending in the Northern District of Illinois.

[2] Defendants later state that their concession that TGC was a Ponzi scheme "was not to concede the point entirely, but rather for the sake in pointing out that summary judgment would remain warranted [for Defendants] if TGC was, in fact, determined to be a Ponzi Scheme." Dkt. 57 at 2. This qualifying language did not accompany Defendants' express concession of TGC's Ponzi scheme status. *See* Dkt. 49 at 7. In any event, Plaintiff has sufficiently established that TGC was a Ponzi scheme, and Defendants have not offered any evidence to the contrary.

Uniform Fraudulent Transfer Act (Count II); and unjust enrichment (Count III). Dkt. 28 ¶¶ 60−90. Plaintiff now moves for summary judgment on Count I, Dkt. 51, while Defendants move for summary judgment on all counts, Dkt. 49. Plaintiff also moves to strike the report and prohibit the testimony of Defendants' expert, Peter Kent. Dkt. 53.

## LEGAL STANDARD

A district court should grant summary judgment only when it determines that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue of fact is "material" if it is a legal element of the claim that might affect the outcome of the case. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record, in its entirety, could lead a rational trier of fact to find for the nonmovant. *Id.* The moving party bears the burden of demonstrating that no genuine issue of material fact exists. *Id.* Moreover, a court must resolve all ambiguities and draw all inferences in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004). Where reasonable minds could differ on the inferences arising from undisputed facts, a court should deny summary judgment. *Allen*, 121 F.3d at 646.

## ANALYSIS

Having thoroughly reviewed the parties' filings and the record, the Court finds that genuine issues of material fact remain as to each of Plaintiff's counts, rendering summary judgment inappropriate. Concerning Count I, because the Ponzi scheme presumption applies,[3] Defendants bear the burden of establishing as an affirmative defense that they provided reasonably equivalent value for TGC's transfers and did so in good faith. *See* 740 ILCS §§ 160/5(a)(1), 160/9(a). Though Plaintiff asserts that Defendants have not carried this burden, the Court finds that Defendants have presented sufficient evidence that could reasonably support their affirmative defense. Defendants clearly provided *some* value to TGC in the form of websites and web development services; whether Defendants provided *reasonably equivalent value* remains a genuine issue of material fact that cannot be resolved on this record. The same is true of whether Defendant has shown good faith.

The genuine issues surrounding value also preclude summary judgment on Plaintiff's claims of constructive fraudulent transfers and unjust enrichment in Counts II and III, respectively. It is uncertain at this juncture whether Defendants provided reasonably equivalent value to TGC or were unjustly enriched by TGC's

---

[3] Pursuant to the so-called Ponzi scheme presumption, transfers made by a debtor while operating a Ponzi scheme are deemed fraudulent for purposes of the Illinois Uniform Fraudulent Transfer Act's actual fraudulent transfer provision. *See, e.g.*, *In re Equip. Acquisition Res., Inc.*, 483 B.R. 823, 834 (Bankr. N.D. Ill. 2012); *In re Lancelot Invs. Fund, LP*, 451 B.R. 833, 839 (Bankr. N.D. Ill. 2011).

transfers such that the transfers are recoverable. As such, Plaintiff's claims must be resolved at trial.

Additionally, the Court finds that Plaintiff's *Daubert* motion concerning the expert report and testimony of Mr. Kent, Defendants' expert on value, is due to be denied. Though there may be merit to Plaintiff's position that Mr. Kent's expert opinions are neither reliable nor helpful, Dkt. 53 at 2–3, the Court notes that this case is set for a bench trial, Dkts. 16 & 47. At a bench trial, the "factfinder and the gatekeeper are the same." *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006). As the Eleventh Circuit has explained, "[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005). To the extent that the Court finds Mr. Kent's expert opinions unreliable or unhelpful at trial, the Court is capable of disregarding them in rendering its judgment.

## CONCLUSION

Based on the foregoing, the parties' cross-motions for summary judgment (Dkts. 49 & 51) are **DENIED**. Plaintiff's Motion to Strike Expert Report and Prohibit Testimony (Dkt. 53) is also **DENIED**. The parties will present their cases before the Undersigned at their upcoming bench trial.

**DONE AND ORDERED** at Tampa, Florida, on January 27, 2023.

> */s/ William F. Jung*
> **WILLIAM F. JUNG**
> **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record