## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MELANIE E. DAMIAN, as receiver of
TODAY'S GROWTH CONSULTANT,
INC. (d/b/a THE INCOME STORE),

     Plaintiff,

v.                                   Case No. 8:21-cv-1999-WFJ-MRM

BUCKS OF AMERICA, LLC (d/b/a
BUCKS OF NEBRASKA) and CODY
NEER,

     Defendants.

_____/

## ORDER

Before the Court are Cody Neer and Bucks of America, LLC's (collectively, "Defendants") Motion for Taxation of Costs (Dkt. 88), as well as Melanie Damian's ("Plaintiff") Proposed Bill of Costs (Dkt. 90). Plaintiff has responded in opposition to Defendants' Motion (Dkt. 91), and Defendants have replied (Dkt. 94). Upon careful consideration, the Court denies Defendants' Motion and grants-in-part and denies-in-part Plaintiff's Proposed Bill of Costs with leave to amend.

## DISCUSSION

Plaintiff and Defendants dispute which party has crossed the threshold to "prevailing party" status following the Court's Bench Trial Order (Dkt. 86). *See* Dkt. 90-1 at 2; Dkt. 88 at 2. Plaintiff argues that she prevailed because the Court ruled in

her favor on Counts I and II and awarded her $153,000. Dkt. 90-1 at 2–3. Defendants argue that they prevailed, at least in part, because, "although a monetary award was levied against Defendants[,]" a significant disparity exists between the relief sought and the relief granted, and the Court ruled in their favor on Count III. Dkt. 88 at 2.

The Court agrees with Plaintiff. While there is not necessarily a prevailing party in every case, "[t]he plain language of Rule 54 unequivocally restricts the number of prevailing parties to one." *Royal Palm Properties, LLC v. Pink Palm Properties, LLC*, 38 F.4th 1372, 1378 (11th Cir. 2022). To qualify as a prevailing party, a party must "have received at least some relief on the merits" and that "relief must materially alter the legal relationship between the parties." *Id.* at 1379 (quoting *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010)). It follows that a prevailing party "need not prevail on all issues to justify a full award of costs. . . . Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced." *Fireman's Fund Ins. Co. v. Tropical Shipping & Const. Co.*, 254 F.3d 987 (11th Cir. 2001) (quoting *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)).

Plaintiff qualifies as a prevailing party. The Court ultimately ruled in her favor on two out of three counts and awarded her over six-figures in damages. Dkt. 86 at 27. As a result, Plaintiff received relief on the merits of her claims, and that relief materially altered the legal relationship between her (as a receiver) and Defendants.

*See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001) (finding that "enforceable judgments on the merits and court-ordered consent decreed create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees"); *Royal Palm Properties*, 38 F.4th at 1377 (finding that there is "no reason to depart" from *Buckhannon* "in the context of costs").

Rule 54(d) provides that costs "should be allowed to the prevailing party" unless a federal law, federal rule, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). There is therefore a "strong presumption" that a prevailing party will be awarded costs. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (per curiam) (citation and internal quotations omitted). Still, Rule 54(d) grants district courts discretionary power to decline to tax costs in special circumstances. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987); *Head*, 62 F.3d at 355 (finding that the "prevailing party in the district court for purposes of Rule 54(d) are entitled to their costs unless the district court has some special reason to deny the costs"). In such cases, courts often consider: "(1) the closeness and difficulty of the case; (2) any misconduct by the prevailing party; (3) good faith by the losing party; [and] (4) limited financial resources of the losing party[.]" *In re Delta/AirTran Baggage Fee Antitrust Litig.*, No. CV 1:09-MD-2089-TCB, 2019 WL 13043040, at *1 (N.D. Ga. July 30, 2019).

3

The Court finds that these factors weigh in favor of diminishing Plaintiff's award of costs. This was a remarkably close, fact-based case in which Plaintiff alleged fraudulent transfers and unjust enrichment in relation to an exchange of approximately 200 ecommerce websites for approximately $2,400,000. *See generally* Dkt. 86 at 1–6. Because of the Ponzi scheme that gave rise to this receivership action, the burden of proof was placed on Defendants to prove reasonably equivalent value and good faith as to each website. *Id.* at 6–8. Defendants only failed to demonstrate reasonably equivalent value for seven websites—meaning that they successfully defended against approximately 95% of Plaintiffs' fraudulent transfer claims. *Id.* at 26–27. Moreover, in so doing, and in prevailing on the issue of unjust enrichment, Defendants demonstrated complete good faith. *Id.* at 10–14. As far as the Court can tell, Defendants were therefore also victims of the subject Ponzi scheme. It would be inequitable to tax full costs against them. The Court consequently declines to do so and finds that an award of half costs is appropriate. *See In re Delta/AirTran Baggage Fee Antitrust Litig.*, 2019 WL 13043040, at *2 (cutting costs in half where full costs would be inequitable); *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 865 F. Supp. 2d 1159, 1169 (S.D. Fla. 2011) (same).

The Court now turns to the specific costs to which Plaintiff is entitled as the prevailing party. Costs that may be awarded are those explicitly authorized by

statute. *Crawford Fitting Co.*, 482 U.S. at 445. Section 1920 authorizes the taxation of the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

To recover costs, the prevailing party must present adequate evidence to enable a court to determine the specific costs incurred. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994) (per curiam). Upon a sufficient showing by the prevailing party, the opposing party "must overcome" the strong presumption in favor of awarding costs. *See Mano Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).

Here, Plaintiff seeks to recover $5,294.32 comprising: (1) $402.00 in filing fees; (2) $225.00 in fees for service of summonses and subpoenas; (3) $2,541.00 in fees for court reporting services and transcripts obtained for use in the case; (4)

$2,086.32 for exemplification and copy costs; and (5) $40.00 in witness fees. Dkt. 90-1 at 3–4. The Court will address each in turn.

## I.     Filing Fees

Filing fees unquestionably qualify as taxable costs under section 1920(1), and Plaintiff has provided proof of payment of a $402.00 filing fee in the instant case. Dkt. 90-3 at 1. Plaintiff is therefore entitled to $201.00 ($402.00 x .5).

## II.    Service of Process Costs

The Eleventh Circuit has held that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921" and that "a district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in § 1921." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The statutory rate for service by the United States Marshal—statutory fees authorized in § 1921—is currently $65.00 per hour. See 28 C.F.R. § 0.114(a)(3). Further, "[t]he Attorney General has advised that the Marshal's Service routinely collects . . . travel costs and any other out-of-pocket expenses." *BMC Bus. Overseas Corp. v. Incasa LLC*, No. 17-24046-CIV, 2019 WL 1897804, at *4 (S.D. Fla. Feb. 15, 2019), *report and recommendation adopted,* No. 17-24046-CIV, 2019 WL 1897678 (S.D. Fla. Feb. 27, 2019). A $105.00 fee for an out-of-state summons is consequently reasonable. *Id.*

Plaintiff has put forth adequate evidence to demonstrate that she incurred the following private process server fees: 1) $105.00 to serve Chelsea Beningno (out-of-state); 2) $60.00 to serve Bucks of America, LLC; and 3) $60.00 to serve Cody Neer. Dkt. 90-4 at 1–3. Plaintiff is therefore entitled to $112.50 ($225.00 x .5).

### III.   Court Reporting Service and Transcript Costs

Taxation of deposition costs is authorized by section 1920(2) where the subject depositions were necessarily obtained for use in the case. *See U.S. E.E.O.C.*, 213 F.3d at 620–21. Here, Plaintiff seeks $2,541.00 in deposition costs associated with the depositions of her, Cody Neer, David Kelly, and Peter Kent. Each of these individuals testified during trial and Plaintiff provides adequate evidence to enable the Court to determine the specific costs incurred for each of their deposition costs. *See* Dkt. 90-5 at 1–5. Accordingly, Plaintiff is entitled to $1,270.50 ($2,541.00 x .5).

### IV.   Exemplification and Copy Costs

Like deposition costs, copying costs are taxable if necessarily obtained for use in a party's case. 28 U.S.C. § 1920(4). The prevailing party nevertheless must still present adequate evidence to enable a court to determine the specific costs incurred. *Loranger*, 10 F.3d at 784. Plaintiff has not made the requisite showing here because her exemplification and copy costs records are largely redacted. *See* Dkt. 90-6 at 1–10. Plaintiff may present unredacted records to prove these costs. The

records should also make clear that Plaintiff did not incur any of these costs in separate receivership actions.

## V.    Witness Fees

28 U.S.C. § 1821(b) provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." The Eleventh Circuit has found that such fees "may be taxed against the losing party unless the court otherwise directs." *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996). Plaintiff request $40 in witness fees. Once again, however, Plaintiff's records are inconclusive. They appear to show only a deposition fee for Mr. Kent from 2022. Dkt. 90-7 at 1. Plaintiff may supplement these records to show her entitlement to section 1821(b) costs.

## CONCLUSION

The Court **DENIES** Defendants' Motion for Taxation of Costs (Dkt. 88), and **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiff's Proposed Bill of Costs (Dkt. 90) with leave to amend within fourteen days. At this juncture, the Court awards Plaintiff $1,584 in costs. If Plaintiff does not supplement her filings within the allotted time, the Court will enter of a final bill of costs in the same amount.

**DONE AND ORDERED** at Tampa, Florida, on October 27, 2023.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record